## MUSSEN *v.* ZINN.

1. Drains—Dams in Inter-County Drains—New Drains—Drainage Boards.

   It is not necessary that the drainage board for establishment of dams in inter-county drains be the same as board designated for establishment of new inter-county drains since they exercise different functions which do not conflict with each other (1 Comp. Laws 1929, § 4858, as amended by Act No. 121, Pub. Acts 1931; § 4961).

2. Same—Statutes—Amendment—Incorporation by Reference—Implied Repeal.

   Provisions of chapter of drain law for establishment of dams in inter-county drains which, while creating own drainage board, referred to section of chapter for establishment of new inter-county drains as to manner and time of giving notice to board members and public *held*, not impliedly repealed by amendment of section referred to which altered personnel of board therein set up (1 Comp. Laws 1929, § 4858, as amended by Act No. 121, Pub. Acts 1931; § 4961).

3. SAME—STATUTES—INCORPORATION BY REFERENCE.

Section of chapter of drain law providing for establishment of dams in inter-county drains, in referring to section of another chapter for establishment of new inter-county drains *held*, to have incorporated only such portion of section referred to as related to manner and time of giving notice to members of board and calling the public meeting (1 Comp. Laws 1929, § 4858, as amended by Act No. 121, Pub. Acts 1931; § 4961).

4. SAME—DRAINAGE BOARD—STATUTES—AMENDMENTS.

That legislature did not intend to alter personnel of drainage board for establishment of dams in inter-county drains by amendment of section referred to in chapter on dams, in chapter for establishment of new inter-county drains for certain procedural matters *held*, evidenced by subsequent amendatory act of same legislative session amending chapters also containing references to same section as referred to in chapter relating to dams without altering personnel of respective boards and, also, by consistency of express creation and distinctive designation of different drainage boards for different purposes throughout the act (1 Comp. Laws 1929, §§ 4858, 4878, 4904, 4961, Acts Nos. 121, 318, Pub. Acts 1931).

5. SAME—DAMS—INTER-COUNTY DRAINS—NOTICE.

Order of inter-county drainage board, consisting of deputy State commissioner of agriculture and drain commissioners of counties affected, which granted permission to construct dam, expense to be borne by parties benefited and no assessment to be made on drainage district *held*, valid notwithstanding that in chapter relating to such dams section of another chapter referred to therein was amended to provide for notice to altered personnel, where reference was merely for prescribing manner and time for giving notice (1 Comp. Laws 1929, § 4858, as amended by Act No. 121, Pub. Acts 1931; § 4961).

Appeal from Branch; Jacobs (Theo T.), J. Submitted April 5, 1935. (Docket No. 112, Calendar No. 38,382.) Decided May 17, 1935.

Certiorari by Edward Mussen and wife against Clyde E. Zinn, Branch County Drain Commissioner, Samuel Hagenbuch, St. Joseph County Drain Commissioner and David A. Nicol, Deputy Commis-

sioner of Agriculture, to review proceeding for establishment of dam in inter-county drain. From judgment for plaintiffs, defendants appeal. Reversed.

*Raymond H. Dresser,* for plaintiffs.

*Cowell & Frankhauser (Harry S. Toy,* Attorney General, and *Arthur E. Kidder,* Assistant Attorney General, of counsel), for defendants.

FEAD, J.   July 17, 1934, the deputy State commissioner of agriculture and the county drain commissioners of Branch and St. Joseph counties, acting together as a drainage board, under 1 Comp. Laws 1929, § 4961, made an order granting permission to construct a dam in an inter-county drain traversing such counties, the expense to be borne by the parties to be benefited and no assessment to be levied on the drainage district.   On certiorari, the circuit court vacated the order upon the ground that the officers did not constitute a "drainage board" and had no authority to make the order.

The difficulty arises from an amendment to chapter 3, § 6, of the general drain law, 1 Comp. Laws 1929, § 4858, made by Act No. 121, Pub. Acts 1931. Prior to the amendment, the State commissioner of agriculture, or his deputy, and the drain commissioners of the affected counties constituted the "drainage board" in all proceedings with relation to inter-county drains.   Dams are treated in chapter 14 of the drain law.   After providing for their construction in county drains by the county drain commissioner, the statute, section 4961, reads:

"SEC. 6.   Each and every act required by the foregoing sections of this chapter to be done and per-

formed by the commissioner shall be done and performed by the drainage board where the petition for the establishment of such dam relates' to or affects drains traversing more than one county or affecting lands in more than one county. On receipt of such petition it shall be the duty of such commissioner to notify the commissioner of each county affected and the State commissioner of agriculture and call a meeting in the manner and at the time provided by section six of chapter three.''

Section 6 of chapter 3 (section 4858), with additions made by Act No. 121 italicized and deletions made by it bracketed, provides:

''SEC. 6. Upon receipt of such application the commissioner shall within twenty days send a copy of such application by registered mail to the State commissioner of agriculture and also to the drain commissioner of each county in which lie lands liable for assessment for benefits for the construction of such proposed drain. *He shall notify the chairman of the boards of supervisors and the county clerks of each county traversed or affected by the proposed drain. Upon the receipt of such notice the chairman of the boards so notified shall appoint three supervisors from each of the respective counties whose townships are not liable to township assessment on account of such proposed drain, who shall constitute a drainage board. The drain commissioner of such county and the commissioner of agriculture or any deputy designated by him shall be ex officio members of said board. Upon the appointment of such supervisors the chairman of the several boards shall notify the commissioner of agriculture of the appointments made, giving the names and address of each supervisor so appointed.* The commissioner of agriculture shall call a [joint] meeting of such drainage board [commissioners] which meeting shall be held not less than fifteen and not more than sixty

days from the receipt of such notice. Such meeting shall be held in the immediate locality of the proposed drainage district. Notices of such meeting shall be posted in five public places in each county and served on the county clerk of each county *and the supervisor of each township in every county traversed by said drain* personally or by registered mail at least ten days before such meeting and a notice of such meeting shall be published once a week for two *consecutive* weeks before such meeting, in a newspaper published and of general circulation in each of the counties affected, if there is one, the first publication to be at least ten days before the meeting.''

The question is whether, because of the reference in section 4961 to chapter 3, § 6 (section 4858), the whole of the amended section 4858, including the new matter of designation of the ''drainage board,'' is incorporated into section 4961, thereby working an implied repeal of the provision of section 4961 naming the commissioners and substituting for them as the ''drainage board'' the commissioners and supervisors named in Act No. 121.

The reference in section 4961 to section 4858 is specific. It is confined to the manner and time of notifying the commissioners and calling a (public) meeting. It should not be extended beyond its plain scope unless the amendment produces a conflict which results in an implied repeal or indicates a clear intention of the legislature to change the personnel of the board in procedure for dams.

It is not necessary that the drainage board be the same in the various proceedings for the establishment and operation of drains. In prior laws differently constituted boards and officers were employed at different stages of the work. The board provided

by section 4961 (for dams) has wholly different functions from, and cannot come into conflict with, the board designated by amended section 4858 (for new drains), in the exercise of their respective powers and duties.

Section 4961 does not refer to section 4858 to ascertain who shall be notified of an application for a dam but merely how notice shall be given. It names the persons to be notified, *i. e.,* the State and county commissioners. Act No. 121 (amending section 4858) names the chairman of the boards of supervisors and the county clerks as well as the commissioners as the persons to be notified of an application to establish an inter-county drainage district. As the sections deal with different subjects, there is no conflict between them in respect of the persons to be notified.

There is no basis for an implied repeal upon the ground of conflict or inconsistency.

A survey of the general drain law demonstrates that it was constructed with considerable mechanical care. It is divided into chapters, each dealing with a phase of the subject of drains. Confining the inquiry to inter-county drains, we find that "drainage boards" are provided for (1) the preliminary groundwork, including establishment of a drainage district, chapter 3 (section 4858); (2) determination of necessity and building the drain, chapter 5 (section 4878); (3) cleaning, widening, deepening, straightening and extending drains, chapter 7 (section 4904); (4) construction of dams, chapter 14 (section 4961).

In none of these instances does a chapter adopt a board designated in another chapter. In each instance, except as to dams, the board is named and its powers and duties defined in express language in

its own chapter. As to dams, the language is not quite so specific but no question can arise, or is raised, but that the State and county commissioners constituted the "drainage board" before the amendment of section 4858 by Act No. 121. No reference from one chapter to·another is necessary to ascertain the composition of the board or its functions. This particularity demonstrates an intention on the part of the legislature that each designation of a "drainage board" is absolute as to the subject treated in the chapter, independent of designation in other chapters, and no recourse need be had to other parts of the law to discover its personnel and powers. The obvious purpose was to avoid confusion. The mechanical arrangement emphasizes that it is only upon the manner and time of notifying the members of the board and calling the public meeting that procedure is adopted by reference.

The procedure for notice is set out only in chapter 3 (section 4858). It is adopted by reference in chapter 5 (section 4878) and also in chapter 7 (section 4904). In the latter, however, the adoption is of the procedure provided in section 4878 instead of directly referring to section 4858. All of these references are essentially in the language of section 4961. If the amended section 4858 changes the drainage board in section 4961 by reason of the reference, it has the same effect to change the boards provided in section 4878 and section 4904.

It is hardly reasonable to hold that the legislature, by indirection and in an uncertain and illogical manner, through amending a single section, intended to destroy the framework of the law and confuse its provisions by changing several other sections and chapters, in the important respect of the composition of the drainage board.

That such was not the intention of the legislature is made conclusive by the fact that in Act No. 318, Pub. Acts 1931, enacted after Act No. 121, chapter 5, was amended without changing the drainage board, and chapter 7 (section 4904) was reenacted with the same reference through section·4878 to section 4858, and not only does not change the board but reenacts the original provisions constituting the State and county commissioners the "drainage board" and defining their duties.

Another consideration intrudes. An amendment is read as though it were part of the original act. Reading the law as a whole, the express and distinctive designation of the drainage board in each chapter relating to a different phase of the work must prevail over an implication that section 4858 controls the whole statute and nullifies express provisions in other sections through reference in them to the restricted subject of notice and meeting.

Judgment reversed and order of the board reinstated, without costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.